IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBRA L. BERANEK, | ) | |
| | ) | 8:06CV26 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Debra L. Beranek's ("plaintiff") motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2007). Filing No. 18. Pursuant to sentence four of 42 U.S.C. § 405(g), the court entered an order and judgment reversing the Administrative Law Judge and remanding the case to defendant for further proceedings. Filing No. 16. Thereafter, plaintiff filed this motion for attorney fees with an accompanying attorney's affidavit and supporting documents. Filing No. 18. Plaintiff requests compensation for 23.8 hours of attorney time, for a total of $3,949.20. The defendant filed a response stating that it does not object to the award of attorney fees in this amount, but objects to plaintiff's request that the fee be awarded directly to counsel. Filing No. 19.

The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A),(2)(B); *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Furthermore, in order for claimants to qualify

for EAJA attorney fees, the Commissioner's position must not have been substantially justified.  *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987).  To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact.  *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).  The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust.  *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A).

After carefully reviewing the record and, in particular, the itemized amounts set forth by counsel, and the affidavit of plaintiff's attorney Thomas A. Krause, the court concludes the reported 23.80 hours of work spent on this case is reasonable.  *See* Filing No. 18, Attachments 1 & 3.  Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed.  This court's previous order granted the defendant's motion to reverse and remand, thereby establishing the requirement that defendant was not substantially justified. *See* Filing Nos. 16, 17.  Furthermore, a party who wins a sentence-four remand order is considered a prevailing party*. Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Accordingly, where the plaintiff was a prevailing party, the court finds that an award of attorney fees in the amount of $3,949.20 is reasonable and warranted.  As to the defendant's argument that EAJA fees are payable only to a client, the court finds that the law supports such a proposition, and fees are payable to the claimant in this case.

*McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006) (an EAJA award is to the claimant, while counsel receives a Social Security Act award).

THEREFORE, IT IS ORDERED that plaintiff's motion for attorney fees, Filing No. 18, is granted. Plaintiff is awarded attorney fees in the amount of $3,949.20.

DATED this 9th day of August, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge